UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DALE JOHNSON, ROSE JOHNSON,<br><br>    Plaintiffs,<br><br>  vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | NO. CV-09-259-JLQ<br><br>**ORDER** |

A motion hearing was held in the above-entitled matter on August 27, 2010. Dale Johnson and Rose Johnson participated *pro se*. Andrew Biviano participated on behalf of the Government. The following Order is intended to memorialize and supplement the oral rulings of the court. A separate amended scheduling order will address the scheduling matters.

**I.    Expert Witnesses**

   **1. Dr. Scott**

Defendants have moved to strike the opinion testimony of Plaintiffs' newly identified *expert* witness, Dr. David Scott. Though previously identified as a *fact* witness, Defendants contend the testimony should not be allowed because the Plaintiffs' have violated the rules and court's order regarding deadlines for disclosure of experts. Defendants rely upon Federal Rule of Civil Procedure 37(c)(1) which provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

ORDER - 1

    (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

    (B) may inform the jury of the party's failure; and

    (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Defendants contend naming Dr. Scott as an expert was not substantially justified and not harmless, because the case is just weeks away from trial and of the additional costs the United States will have to incur if the testimony is permitted. Despite this, Defendants do not join in the Plaintiffs' request for continuance of the trial. Ct. Rec. 92 at7.

    District court judges possess broad authority to regulate the conduct of discovery. *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1181 (9th Cir. 1988). The court has considered (1) the prejudice or surprise, if any, to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the ... party's bad faith or willfulness. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002). Given the court's willingness to delay the trial, the court finds that none of these factors justify the sanction of preventing Plaintiffs from proceeding to trial with Dr. Scott as their expert witness.

    Accordingly, Defendants' Motion to Strike Dr. Scott (Ct. Rec. 91) is **DENIED** in its entirety, including the additional request for monetary sanctions.

    The parties advise the court that Dr. Scott's deposition is scheduled for September 8, 2010. During the Federal Rule of Civil Procedure 26(b) (4)(C) provides that, "[u]nless manifest injustice would result, the court must require that the party seeking discovery ... pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B) [.]" The determination of a reasonable fee in this context is within the discretion of the district court. The court notes that at least one other court has reduced the requested hourly rate of an orthopedic surgeon from $1000/$1500 to $500/hour. *Coley v. Wal-Mart Stores East, LP*, 2008 WL 879294 (M.D. 2008)(unpublished).

ORDER - 2


**2. Dr. McDonald**

As he has no connection to this case factually, Dr. McDonald's testimony could only be relevant to this case if he were able to testify as an expert. Plaintiffs' have attested that they are unable to retain Dr. McDonald as an expert in the case. As such, any other testimony of Dr. McDonald would be irrelevant, inadmissible, and precluded. Moreover, Dr. McDonald has advised Plaintiffs he would need weeks to prepare for a deposition and/or trial. Accordingly, Plaintiffs will not be permitted to call Dr. McDonald, unless they are able to retain him as an expert on or before September 3, 2010, and Dr. McDonald is able to be deposed and available for trial as scheduled.

**II.    Summary Judgment**

After a hearing on July 20, 2010, the court reserved ruling upon Defendants' Motion for Summary Judgment filed April 15, 2010 pending a settlement conference. The court has continued to withhold ruling based upon the court's having granted Plaintiffs the opportunity to try secure an expert witness. On August 26, 2010, Plaintiffs provided to the court a declaration of David F. Scott, a practicing orthopedic physician and surgeon, who opines that Mr. Johnson's "problems experienced" "were the direct and proximate cause of the Zimmer femoral component not being appropriately sized for his body..." and that it "is a breach of care...to not have differential diagnosis exams performed..." Ct. Rec. 99, Ex. 24. As ruled above, the court will not prevent Plaintiffs from calling Dr. Scott as an expert on the basis that he was not timely disclosed as an expert. Plaintiffs' ability to present expert testimony regarding the standard of care undermines the grounds asserted by Defendants in favor of dismissal.

Defendants also argued that the facts of this case do not present a res ipsa loquitur case. The inference of negligence under the res ipsa loquitur doctrine is only a presumption of fact, *Wilson v. U.S.,* 645 F.2d 728, 729 (9th Cir. 1981), and as a disputed fact now in this case, the application of the doctrine will be an issue for trial.

Accordingly, Defendants' Motion for Summary Judgment (Ct. Rec. 31) is **DENIED**.

Plaintiffs' Motion for Ruling Request for Res Ipsa Loquitur (Ct. Rec. 36) is also **DENIED**. The doctrine of res ipsa loquitur simply makes it permissible to draw an inference of negligence from set of facts but does not establish a presumption of negligence *or shift burden of proof*. *Wilson*, 645 F.2d at 729. Plaintiffs have not established their prima facie case as a matter of law, and therefore, their motion is denied.

### III. Continuance and Other Matters

Plaintiffs' Motion to Shorten Time (Ct. Rec. 100) and Plaintiffs' Motion to Vacate and Continue Pretrial Briefing and Trial Dates (Ct. Rec. 97) are **GRANTED** . The court will address the scheduling changes by separate order.

**Plaintiffs are instructed to review Local Rule 83.1 on courtroom practice and civility**. All parties, represented or unrepresented by counsel, who appear in this court are required to comply with Local Rule 83.1. Parties must act with dignity, integrity, and courtesy in oral and written communications to the court and opposing counsel. It goes without saying that there is a critical distinction between zealous advocacy on behalf of one's interests, on the one hand, and launching personal attacks at opposing counsel. The court has the inherent authority to sanction parties who violate LR 83.1 or who engage in personal attacks on opposing parties and counsel. Plaintiffs shall consider themselves duly warned that the sort of that behavior shall immediately cease. Counsel shall notify the court if it does not.

### IV. Conclusion

**IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (Ct. Rec. 31) is **DENIED**.

2. Plaintiffs' Motion for Ruling Request for Res Ipsa Loquitur (Ct. Rec. 36) is **DENIED**.

3. Defendants' Motion to Expedite (Ct. Rec. 75) should be terminated as **MOOT.**

4. Defendants' Motion to Strike Plaintiffs' Expert Witness (Ct. Rec. 91) is **DENIED**.

5. Plaintiffs' Motion to Expedite (Ct. Rec. 100) and Motion to Continue (Ct. Rec.

97) are **GRANTED**.

**IT IS SO ORDERED**.  The Clerk is hereby directed to enter this Order and furnish copies to Plaintiffs and counsel.

**DATED** this 28th day of August, 2010.

<div style="text-align:center">

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

</div>