1

2

3                     UNITED STATES DISTRICT COURT

4                     EASTERN DISTRICT OF WASHINGTON

5

6   DALE JOHNSON, ROSE JOHNSON,

7              Plaintiffs,                    NO. CV-09-259-JLQ

8      vs.                                    **ORDER DENYING PLAINTIFFS'
                                              MOTION FOR
9                                             RECONSIDERATION**

10  UNITED STATES OF AMERICA, et al.,

11            Defendants.

12

13

14

        BEFORE THE COURT is the Plaintiffs' Motion to Reconsider Facts and Amend

15  Order (ECF No. 127) and Motion for Expedited Hearing thereon (ECF No. 129).  This

16  court granted Defendants' Renewed Motion for Summary Judgment in its Order of

17  October 5, 2010, and directed the Clerk to enter Judgment accordingly.  Plaintiffs now

18  ask that the court reconsider its October 5, 2010 Order.

19      Plaintiffs offer no legal or factual grounds for reconsideration of the court's Order.

20  Rather, in support of their Motion, Plaintiffs criticize the preparation of their own expert

21  witness, Dr. Scott, for deposition. (ECF No. 128, p. 2).  Plaintiffs agree that the issue of

22  whether the doctrine of res ipsa loquitur applies is a question of law. (ECF No. 128, p. 3).

23  This question was resolved against them in the court's October 5, 2010 Order.  Plaintiffs

24  admit that at least a portion of their claims require expert testimony: "Plaintiffs agree it is

25  not within the knowledge of a lay person to determine what standard of care is required in

26  the ordering of the diagnostics in post-operative care." (ECF No. 128, p. 4).  Plaintiffs

27  failed to submit any expert testimony in support of their allegation that Mr. Johnson's

28  post-operative care did not meet the standard of care.

ORDER - 1

1    Plaintiffs seem to assert that the grant of summary judgment should be reversed

2  because their own expert, Dr. Scott, performed poorly at deposition.  This is no basis for

3  reconsideration of the grant of summary judgment, and is merely reargument by

4  Plaintiffs.  Lastly, Plaintiffs' Motion seems to quarrel with the court's prior order referring

5  to her as a "paralegal," by stating: "Mrs. Johnson states she worked in a law office some

6  years back, but has no formal legal training." (ECF No. 128, p. 2).  Whether Mrs.

7  Johnson worked in a law office, or received her paralegal certificate, is immaterial to the

8  merits of the case and the court's decision to grant summary judgment.

9    **IT IS HEREBY ORDERED:**

10    1. Plaintiffs' Motion to Reconsider Facts and Amend Order (ECF No. 127) is

11  **DENIED**.

12    2. Plaintiffs' Motion for Expedited Hearing (ECF No. 129) is GRANTED in part

13  and DENIED in part.  The Motion is granted to the extent that the court has expedited

14  consideration, but Plaintiffs' request for oral argument is denied. Local Rule

15  7.1(h)(3)(b)(iv)("...the Court has discretion to notify the parties that oral argument is not

16  warranted and proceed to determine any motion without oral argument.").

17    **IT IS SO ORDERED**.  The Clerk is hereby directed to file this Order and furnish

18  copies to Plaintiffs and counsel.

19    **DATED** this 27th day of October, 2010.

20                    s/ Justin L. Quackenbush
                  JUSTIN L. QUACKENBUSH
21            SENIOR UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

ORDER - 2